IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VICTOR MORENO, <br> No. 2082779, <br> <br> Plaintiff, <br> <br> v. <br> <br> TROY BOLLINGER, <br> <br> Defendant. | § § § § § § § § § § § | 2:22-CV-131-Z-BR |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS**

Plaintiff, Victor Moreno, filed a civil complaint under 42 U.S.C. § 1983, against Defendant, Troy Bollinger. By order signed March 27, 2023, the Court gave Plaintiff notice of the deficiencies in his complaint and ordered that he file an amended complaint stating with specificity all material facts that would support his claims. The order cautioned that failure to comply might result in the dismissal of his claims without further notice.

Plaintiff has filed his amended complaint. (ECF 8). He has not, however, pleaded specific facts to support a § 1983 claim against Defendant. He has not shown that Defendant violated his constitutional or federal statutory rights. Nor has he shown that his complaint was timely brought. As the Court explained in the order to replead:

The facts pleaded must allow a court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether

a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal statutory or constitutional right, and (2) that person acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020). Criminal defense attorneys are generally not state actors for purposes of a suit under § 1983. *Uresti v. Reyes*, 506 F. App'x 328, 329 (5th Cir. 2013) (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)).

Private actors may be liable under § 1983 if they have conspired with a state official, even if that official is immune from suit. *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). To state a claim, the plaintiff must allege facts that indicate: (1) there was an agreement among individuals to commit a deprivation, and (2) an actual deprivation of a constitutional right, not merely a conspiracy to deprive. *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). Conclusory allegations are insufficient; a plaintiff must allege facts that evince a preceding agreement and not merely parallel conduct that could be independent action. *Jabary*, 547 F. App'x at 610 (quoting *Twombly*, 550 U.S. at 557).

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). The Supreme Court has instructed courts to borrow the forum state's general personal injury limitations period, which in Texas is two years. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The point at which a claim accrues, however, is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). Under federal law, a cause of action accrues when the plaintiff has "a complete and present cause of action." *Id.* at 388.

Stated differently, under § 1983, "the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008).

Finally, the law is clear that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render his conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed or otherwise declared invalid. Otherwise, the claim is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.*, 512 U.S. at 486.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the amended complaint (ECF 8) filed by Plaintiff be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 26, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).